**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRANCE WILSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TORRES,<br><br>　　　　Defendant. | Case No.: 1:17-cv-00375-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER STAYING MERITS-BASED DISCOVERY, AND GRANTING DEFENDANT'S REQUEST TO EXTEND THE TIME TO RESPOND TO DISCOVERY<br><br>[ECF Nos. 17, 18] |

Plaintiff Terrance Wilson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 14, 2017, Defendant filed a motion for summary judgment for failure to exhaust the administrative remedies and failure to comply with the California Torts Claims Act. On this same date, Defendant also filed a motion for a protective order staying all merits-based discovery pending a final ruling on the motion for summary judgment.

On September 25, 2017, Defendant filed a request for an extension of time to respond to Plaintiff's request for admissions. Defendant submits that all but one request relates to the merits of Plaintiff's case, and responses were due September 28, 2017. Defendant further submits that he separately responded to the one exhaustion-based request for admission.

///

///

1

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on Plaintiff's claims against them if the Court determines the claims are unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69). Therefore, Defendant is entitled to the stay of discovery he seeks. In the absence of any actual prejudice to Plaintiff and good cause having been shown, Defendant's motion for a protective order shielding them from discovery pending resolution of their exhaustion motion shall be granted.[1] Fed. R. Civ. P. 26(c); Albino, 747 F.3d at 1170-71.

---

[1] If Defendant's motion for summary judgment is denied, the Court will issue an amended scheduling order. (ECF No. 24.)

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion for a protective order is granted and discovery is STAYED; and

2. In light of the stay of discovery, Defendant's motion for an extension of time to respond to the outstanding merits-based discovery is GRANTED.

IT IS SO ORDERED.

Dated: **October 17, 2017**

UNITED STATES MAGISTRATE JUDGE