UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE WILSON,<br><br>    Plaintiff,<br><br>  v.<br><br>TORRES,<br><br>    Defendant. | Case No.: 1:17-cv-00375-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 16] |

Plaintiff Terrance Wilson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendant's motion for summary judgment based on Plaintiff's alleged failure to exhaust the administrative remedies and failure to comply with the California Claims Act, filed September 14, 2017.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendant Torres for deliberate indifference to a serious medical need and state negligence.

On July 20, 2017, Defendant filed an answer to the complaint.

1

On July 25, 2017, the Court issued the discovery and scheduling order.

As previously stated, on September 14, 2017, Defendant filed the instant motion for summary judgment for failure to exhaust the administrative remedies and failure to comply with the California Claims Act. Plaintiff did not file an opposition and the time to do has passed.

## II.

## LEGAL STANDARD

### A.     Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

///

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant bears the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III.

### DISCUSSION

**A.     Description of CDCR's Administrative Remedy Process**

Plaintiff is a former state prisoner who was at the time of filing the instant complaint in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014).

Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).

### B. Summary of Allegations Underlying Plaintiff's Constitutional Claims

On September 23, 2015 or September 30, 2015, Plaintiff reported to his job assignment at the facility E kitchen third watch shift. Plaintiff informed Defendant Torres that because of his amputated leg he could not lift water buckets over fifteen pounds. Defendant Torres nonetheless ordered Plaintiff to repeatedly carry buckets of water weighing over fifteen pounds. While carrying a bucket weighting more than fifteen pounds, Plaintiff fell and was rendered unconscious. Defendant Torres failed to activate his alarm, thus failing to provide Plaintiff with immediate medical care resulting in further injury to Plaintiff. Plaintiff previously discussed a job change with Defendant Torres, but Torres failed to document such discussion which resulted in Plaintiff remaining assigned to the kitchen.

### C. Statement of Undisputed Facts[1]

1. Plaintiff Terrance Wilson (CDCR No. F-00421) is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (Compl., ECF No. 1, at 1;[2] Corral Decl. ¶ 3; Voong Decl. ¶ 5.)

2. Plaintiff filed this action on March 15, 2017, while Plaintiff was incarcerated at the California Substance Abuse and Treatment Facility ("SATF"). (Compl. at 1.)

3. Plaintiff's complaint alleges, among other things, the following: On either September 23, 2015, or September 30, 2015, Plaintiff, who is a leg amputee, was working in the Facility E

---

[1] Hereinafter referred to as "UDF".

[2] Unless otherwise indicated, references herein to page numbers are to the Court's ECF pagination headers.

Kitchen when Defendant Torres repeatedly ordered him to pick up and carry buckets of water over fifteen pounds. As an amputee, Plaintiff had a medical chrono stating that he could not safely pick up or carry anything over fifteen pounds. Plaintiff informed Defendant Torres of this but Defendant Torres continued to order Plaintiff to perform actions that were outside his physical limitations. While carrying a bucket weighing more than fifteen pounds, Plaintiff fell to the ground in Facility E dining hall and was knocked unconscious. Defendant Torres failed to activate his alarm, thus failing to provide Plaintiff with immediate medical care and causing further injury to Plaintiff. Plaintiff previously discussed a job change with Defendant Torres, but Defendant Torres failed to document this, causing Plaintiff to remain assigned to the kitchen. (Compl. at 7.)

4. In screening the complaint, the Court found that Plaintiff stated cognizable Eighth Amendment deliberate indifference and state negligence claims against Correctional Officer Torres. The remaining claims were dismissed. (Screening Order, ECF No. 8, at 1.)

5. CDCR had an administrative grievance process for inmates at all times relevant to this lawsuit, which allows them to appeal any departmental decision, action, policy, omission, or condition that has an adverse material effect on the inmate's welfare. (Corral Decl. ¶ 3.)

6. An inmate appeal is initiated by submitting a CDCR Form 602 ("Form 602"). (Corral Decl. ¶ 5; Cal. Code Regs. tit. 15, § 3084.2(a).[3]

7. Inmates must follow the procedures set forth in Cal. Code Regs. tit. 15, section 3084.1 through 3085, which includes describing the problem and action requested in the appeal form. (Corral Decl. ¶ 5.)

8. To properly exhaust an administrative grievance, an inmate must pursue his appeals through all levels of the administrative exhaustion process, unless the inmate is excused from one of the levels under Title 15. (Corral Decl. ¶ 6; Cal. Code Regs. tit. 15, §§ 3084.1, 3084.7.)

9. A final decision at the third level of review generally exhausts an inmate grievance. Rejection or cancellation of an appeal does not exhaust administrative remedies. (Corral Decl. ¶¶ 6, 7; Cal. Code Regs. tit. 15, § 3084.1.)

---

[3] All citations to Title 15 refer to the version in effect in 2015.

5

10. When an inmate submits an appeal that does not comply with regulations governing the appeal process, an appeals coordinator will reject or "screen out" and return the appeal with the reason for the rejection and provide instructions to correct the defect, if correction is possible. An appeal may be rejected, cancelled, or accepted for the reasons outlined in California Code of Regulations, Title 15, sections 3084.6(b) and (c), including expiration of time limits. (Corral Decl. ¶ 7; Cal. Code Regs. tit. 15, § 3084.6(b), (c).)

11. The appeals coordinator's office does not keep copies of rejected appeal forms. (Corral Decl. ¶ 7.)

12. Plaintiff knew about and used the administrative grievance process between September 2015 and March 2017. (Corral Decl. ¶¶ 3, 9, Ex. A; ¶ 10, Ex. B; ¶ 11, Ex. C; ¶ 12, Ex. D; ¶ 13, Ex. E; ¶ 14, Ex. F; ¶ 15, Ex. G; ¶ 16, Ex. D; ¶ 17, Ex. H; ¶ 18, Ex. I.)

13. Between September 2015 and March 2017, Plaintiff submitted seven non-medical appeals at SATF, five of which were accepted for review at the first or second level of formal review. (Corral Decl. ¶ 9, Ex. A.)

14. Appeal Log Nos. SATF-E-15-05336, SATF-E-16-01636, SATF-F-E-16-04402 are relevant to Plaintiff's complaint. (Compl. at 8-9; Corral Decl. ¶ 12, Ex. D; ¶ 13, Ex. E; ¶ 14, Ex. F; ¶ 15, Ex. G, ¶ 16.)

15. Plaintiff originally submitted Appeal Log No. SATF-E-15-05336, the appeal relevant to this lawsuit, on or around October 13, 2015. The appeal was received and accepted for review on or about November 17, 2015. Plaintiff was interviewed on November 28, 2015. The appeal was granted in part at the first level of review in that an appeal inquiry was conducted. Plaintiff appealed to the second level of formal review where his appeal was cancelled on March 25, 2016, for Plaintiff's failure to timely appeal to the second level. (Compl. at 8-9; Corral Decl. ¶ 12, Ex. D.)

16. Plaintiff then filed Appeal Log No. SATF-E-16-01636 where he appealed the cancellation of Appeal Log No. SATF-E-15-05336. The appeal was received and accepted for review at the second level of formal review on April 7, 2016. After a review of Plaintiff's appeal, it was determined Appeal Log No. SATF-E-15-05336 was incorrectly cancelled. Despite the first level decision being mailed on February 9, 2016, Plaintiff did not receive it until March 15, 2016, because

he transferred institutions. Upon receipt, Plaintiff immediately submitted the appeal to the second level on March 15, 2016. Plaintiff's appeal was granted, allowing Appeal Log SATF-E-15-05336 to be processed at the second level of formal review on or about, May 17, 2016. (Compl. at 8-9; Corral Decl. ¶ 13, Ex. E.)

17. Plaintiff then resent Appeal Log No. SATF-E_15-05336 to the second level of formal review where it was received on September 6, 2016. As this was outside the 30-day time limit, Plaintiff's appeal was again cancelled on September 12, 2016. (Compl. at 8-9; Corral Decl. ¶ 14, Ex. F.)

18. Plaintiff filed Appeal Log No. SATF-E-16-04402 on or about October 26, 2016, whereby he challenged the second cancellation of Appeal Log No. SATF-E-15-05336. Plaintiff's appeal bypassed the first level and was accepted at the second level of formal review on October 26, 2016. After a review of Plaintiff's appeal, the appeals coordinator confirmed Plaintiff was out to Court from June 28, 2016 through August 2, 2016, contributing to the delay in him receiving or filing his appeal. Plaintiff's appeal was granted, allowing Appeal Log No. SATF-E-15-05336 to be processed at the second level of review on December 9, 2016. (Compl. at 8-9; Corral Decl. ¶ 15, Ex. G.)

19. Plaintiff then resent Appeal Log No. SATF-E-15-05336 to the second level of formal review where it was received and accepted for review. The appeal was assigned for review on March 28, 2017. On May 23, 2017, Plaintiff's appeal was granted at the second level of formal review in that a staff inquiry was conducted and all staff are required to ensure the safety and security of the institution. The second level decision was mailed to Plaintiff on May 31, 2017. (Compl. at 8-9; Corral Decl. ¶ 16, Ex. D.)

20. The Office of Appeals ("OOA") receives, reviews, and maintains all non-medical inmate grievances at the third and final level of review. (Voong Decl. ¶ 2.)

21. Plaintiff has not submitted any appeals to the third level of formal review that were received and accepted for review. (Voong Decl. ¶ 5, Ex. A.)

22. On or about July 31, 2017, Plaintiff submitted Appeal Log No. SATF-E-15-05336, along with a CDCR form 22 to OOA. The appeal was cancelled and returned to Plaintiff on August 8,

7

2017, because Plaintiff failed to timely submit the appeal to the third level of formal review. The cancellation letter informed Plaintiff how to appeal the cancellation. (Voong Decl. ¶ 6, Ex. B.)

23. Plaintiff was required to file a claim with the Victims Compensation and Government Claims Board (Board) in accordance with Government Claims Act for any state claims. (Cal. Gov't Code, § 900 et seq.; Cal. Gov't Code, §§ 910, 912.4, 912.8, 945.4.)

24. Plaintiff did not file a claim with the Board in relation to his September 2015 claims in this lawsuit. (Earls Decl.; Cal. Gov't Code, §§ 911.2, 945.4.)

### D. Findings on Defendant's Motion

Defendant argues that: (1) Plaintiff failed to administratively exhaust his Eighth Amendment deliberate indifference and state negligence claims against him through the third and final level of review before filing suit; (2) Plaintiff was not excused from the PLRA's exhaustion requirement; and (3) Plaintiff failed to comply with the Government Claims Act when he failed to timely file a claim with the Victim Compensation Government Claims Board, prohibiting him from pursing any state claims.

1. <u>Exhaustion Prior to Filing Suit</u>

Plaintiff failed to exhaust the relevant appeal, Appeal Log No. SATF-E-15-05336, prior to filing the instant action as required by the PLRA.

It is undisputed that Plaintiff originally submitted Appeal Log No. SATF-E-15-05336, on or around October 13, 2015. (UDF 15.) The appeal was received and accepted for review on or about November 17, 2015. (Id.) Plaintiff was interviewed on November 28, 2015. (Id.) The appeal was granted in part at the first level of review in that an appeal inquiry was conducted. (Id.) Plaintiff appealed to the second level of review which was cancelled on March 25, 2016, as untimely. (Id.)

Plaintiff then filed Appeal Log No. SATF-E-16-01636 in which he appealed the cancellation of Appeal Log No. SATF-E-15-05336. (UDF 16.) The appeal was received and accepted for review at the second level on April 7, 2016. (Id.) It was determined that Appeal Log No. SATF-E-05336 had been improperly cancelled at the first level of review. (Id.) Although the first level decision was mailed on February 9, 2016, it was determined that Plaintiff did not receive it until March 15, 2016, because he transferred institutions. (Id.) Plaintiff thereafter immediately submitted the appeal to the

second level on March 15, 2016. (Id.) Plaintiff's appeal was granted, and Appeal Log No. SATF-E-15-05336 was processed at the second level of review on or about, May 17, 2016. (Id.)

Plaintiff then resent Appeal Log No. SATF-E-15-05336 to the second level of review which was received on September 6, 2016. (UDF 17.) The appeal was cancelled on September 12, 2016, as untimely because it was beyond the 30-day time limit.

Plaintiff filed Appeal Log No. SATF-E-16-04402 on or about October 26, 2016, which challenged the second cancellation of Appeal Log No. SATF-E-05336. (UDF 18.) The appeal bypassed the first level of review and was accepted at the second level on October 26, 2016. (Id.) After review of the appeal, the appeals coordinator confirmed Plaintiff was out to Court from June 28, 2016 through August 2, 2016, contributing to the delay in him receiving or filing his appeal. (Id.) Plaintiff's appeal was thereafter granted, which allowed Appeal Log No. SATF-E-15-05336 to be processed at the second level of review on December 9, 2016. (Id.)

Plaintiff resent Appeal Log No. SATF-E-15-05336 to the second level of review which was received and accepted for review. (UDF 19.) The appeal was assigned for review on March 28, 2017. (Id.) On May 23, 2017, Plaintiff's appeal was granted at the second level in that a staff inquiry was conducted and all staff are required to ensure the safety and security of the institution. (Id.) The second level decision was mailed to Plaintiff on May 31, 2017. (Id.) On or about July 31, 2017, Plaintiff submitted Appeal Log No. SATF-E-15-05336, and a CDCR Form 22 to the third level of review. (UDF 22.) The appeal was cancelled and returned to Plaintiff on August 8, 2017, as untimely. (Id.) The cancellation letter specifically informed Plaintiff how to appeal the cancellation. (Id.) Plaintiff did not exhaust this appeal through the third and final level of review. In addition, Plaintiff filed this action over two months before the institution mailed the second level decision. (UDF 2, 19.)

Even if the inmate fully exhausts the administrative remedies during the pendency of suit, dismissal, without prejudice, is still warranted because he failed to exhaust his administrative remedies prior to filing. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002 (an inmate must exhaust the available administrative remedies before he filed suit, even if the inmate fully exhausts while the suit is pending); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (same).

9

2. <u>Excuse From Exhaustion Requirement</u>

"An inmate is required to exhaust only available remedies." <u>Albino</u>, 747 F.3d at 1171 (citing <u>Booth v. Churner</u>, 532 U.S. 731, 736 (2001)). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" <u>Albino</u>, 747 F.3d at 1171 (quoting <u>Brown v. Valoff</u>, 422 F.3d 926, 937 (9th Cir. 2005)). In <u>Ross v. Blake</u>, the Court set forth the following three examples of when the administrative remedies are not available: (1) the "administrative procedure … operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme … [is] so opaque that it becomes, practically speaking, incapable of use … to that no ordinary prisoner can make sense of what it demands; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." <u>Ross v. Blake</u>, 136 S.Ct. 1850, 1859-60 (2006) (citations omitted). In addition, when an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 823 (9th Cir. 2010); <u>see also</u> <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1224-1226 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); <u>Brown v. Valoff</u>, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

In this instance, Plaintiff filed Appeal Log No. SATF-E-15-05336, regarding the allegations in his complaint. Although the appeal was cancelled twice as untimely, the appeals coordinator subsequently processed the appeal after Plaintiff challenged the cancellations finding that Plaintiff presented valid excuses for his untimeliness, i.e. delay in the mail due to transfer and out-to-court status. Thus, the appeals were not improperly cancelled as untimely, rather, Plaintiff submitted a valid excuse for such untimeliness. However, Plaintiff subsequently failed to timely submit his appeal to the third level of review prior to filing the instant action. In addition, Plaintiff filed multiple appeals during the relevant time frame. (UDF 12, 13.) Although Plaintiff failed to fully exhaust the appeals, his repeated efforts at attempting to exhaust demonstrate that he was not thwarted by prison staff, and Plaintiff offers no evidence to find to the contrary. Plaintiff has failed to meet his burden in demonstrating that there is something in his particular case that made the existing and generally

available administrative remedies effectively unavailable to him. Albino, 747 F.3d at 1172. Accordingly, Defendant Torres's motion for summary judgment should be granted and the instant action should be dismissed, without prejudice, for failure to exhaust the administrative remedies.

3. California Government Claims Act

The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[1] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

Although in his complaint, Plaintiff indicates that he complied with the California Government Claims Act by filing an application to the State Board of Control, Defendant has submitted evidence that no such claim was filed or reviewed. More specifically, Defendant submits the declaration of Earls, Senior Legal Analyst at the Government Claims Unit who declares that after a diligent search of the records maintained by the Government Claims Program he was unable to locate any claims that were filed or presented by Plaintiff, Terrence Willie Wilson regarding an injury in September 2015. (Earls Decl., ECF No. 16-6.) Here, the evidence submitted by Defendant demonstrates that Plaintiff has failed to comply with the California Government Claims Act nor does Plaintiff provide a justification to excuse his noncompliance. Accordingly, Plaintiff's state law claim of negligence must be dismissed.

---

[1] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Torres's motion for summary judgment be granted; and

2. The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies and failure to comply with the California Government Claims Act.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 27, 2017**

UNITED STATES MAGISTRATE JUDGE